UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GUILLERMO RUIZ GARCIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1921 (RBW) |
| DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brought this action requesting a writ of mandamus against defendant. Plaintiff alleges that defendant failed to properly respond to his records request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant has filed a motion for summary judgment and a motion to deem the case conceded or moot. For the reasons stated below, the Court will dismiss the case as moot.

**Background**

In a letter dated June 7, 2004, plaintiff sent a FOIA request to the Executive Office for United States Attorneys ("EOUSA"). Defendant's Motion for Summary Judgment, ("Deft's Mot.") at 2, Declaration of Anthony J. Ciccone ("Ciccone Decl."), Exhibit ("Ex.") 2 at 2. Plaintiff requested all records maintained by the agency "under [his] name and/or Identifier to [his] name" and all records regarding "bond information, judgment information, commercial crimes, case bonding information,

1

and commercial crimes bonding information." *Id.* Plaintiff stated that he agreed to pay all reasonable costs associated with the records search and, if he were found indigent, plaintiff requested that the EOUSA grant a fee waiver. *Id.*

On August 11, 2004, the EOUSA acknowledged receiving plaintiff's FOIA request. *Id.*, Ex. 3. The EOUSA informed plaintiff that the agency makes every effort to process requests within 20 days, with the exception of requests for a large amount of documents, such as plaintiff's request. *Id.* Plaintiff was advised that processing his request could take up to nine months. *Id.* The EOUSA also advised plaintiff that by making his request, he agreed to pay $25, unless a fee waiver request was made. *Id.*

Plaintiff sent a fee waiver request to the EOUSA on October 20, 2004. *Id.*, Ex. 4. As grounds for his request, plaintiff stated that he was indigent and that there was a public interest in exposing the corruption within the United States Attorney's Office (presumably the Southern District of Florida office which prosecuted him), specifically "[a]rrresting and prosecuting without bonds or surety bonds." *Id.* Before the EOUSA had made a decision on plaintiff's fee waiver request or had fully processed his records request, plaintiff filed this action on November 5, 2004. *See* Complaint ("Compl."). The complaint alleges that the EOUSA failed to answer the fee waiver request and failed to respond to his FOIA request within the statutory deadlines. *Id.*

On February 3, 2005, the EOUSA notified plaintiff of its determination on his FOIA request. Deft's Mot., Ciccone Decl., Ex. 6. First, the EOUSA informed plaintiff that it was denying his fee waiver request because disclosure of the records was not in the public interest and that his indigency was not a basis for a fee waiver. *Id.* at 1-2. The EOUSA further stated that a search of the records in the United States Attorney's Office for the Southern District of Florida yielded approximately

1,750 pages of responsive documents. *Id.* According to the EOUSA, plaintiff was entitled to 100 pages free of charge. *Id.* The EOUSA released 99 pages in full and one page in part, with redactions pursuant to FOIA Exemption 7 (C) and the Privacy Act, 5 U.S.C. § 552a(j)(2). *Id.* at 2. To receive the additional 1650 pages, the EOUSA requested that plaintiff make a payment of $165. *Id.* at 3.

On February 13, 2005, plaintiff told the EOUSA that he would narrow his request in order to reduce the processing fees. Defendant's Motion to Deem Action Conceded, or in the Alternative, Dismiss as Moot, Ex. 1. Plaintiff limited his request to "all criminal bonds, bonding, judgment numbers: Case No. 97-00099-CR-DLG and Judgment in Criminal Case No. 1:97CR00099-001." *Id.* In response to this modified request, on May 31, 2005, the EOUSA released 23 pages of documents responsive to plaintiff's narrowed request and did not assess any processing fees. *Id.*, Ex. 2.

Plaintiff administratively appealed the EOUSA's decision to the Office of Information and Privacy ("OIP"). Reply in Support of Defendant's Motion to Deem Action Conceded, or in the Alternative, Dismiss as Moot, and Support of Defendant's Motion for Summary Judgment, Ex. 3. Plaintiff alleged that the EOUSA's document disclosure was inadequate because it did not contain a "Charge/Bond" and a "Fiduciary Tax Return Obligation for the Charge/Bond." *Id.* On August 5, 2005, the OIP notified plaintiff that it would not act on his appeal due to the pending litigation in this Court. *Id.*, Ex. 4.

**Discussion**

Plaintiff filed this action as a petition for a writ of mandamus. Title 28, Section 1361 provides that "[t]he district court shall have jurisdiction of any action in the nature of mandamus to

compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy to be utilized only under exceptional circumstances. *Chaplaincy of Full Gospel Churches v. Johnson*, 276 F.Supp.2d 82, 83 (D.D.C. 2003), citing *Haneke v. Sec'y of Health, Educ. & Welfare*, 535 F.2d 1291, 1296 (D.C. Cir. 1976). In order to obtain mandamus relief, plaintiff must show that (1) he has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. *Swann v. Clinton*, 100 F.3d 973, 977 n. 1 (D.C. Cir. 1996)(citations omitted); *Atl. Tele-Network, Inc. v. Inter-Am. Dev. Bank*, 251 F.Supp.2d 126, 131 (D.D.C. 2003). The plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 334 F.3d 1096, 1102, 1107 (D.C. Cir. 2003); *Chaplaincy of Full Gospel Churches*, 276 F.Supp.2d at 84.

In the absence of a duty to act by the public official, there can be no mandamus relief. *Black v. Snow*, 272 F.Supp.2d 21, 28 n. 6 (D.D.C. 2003). Determining if a defendant has a "clear duty to act" depends on the nature of the duty at issue, whether it is ministerial or discretionary. Mandamus is only available where "the duty to be performed is ministerial and the obligation to act peremptory and clearly defined." *13th Reg'l Corp. v. Dep't of the Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980). A ministerial duty is one that admits of no discretion, so that the official has no authority to determine whether to perform the duty. *Swann*, 100 F.3d at 977. Courts do not have authority under the mandamus statute to order *any* government official to perform a discretionary duty. *Id.*

Defendant initially moved for summary judgment based on plaintiff's alleged failure to exhaust his administrative remedies. Subsequent to the filing of that motion, plaintiff narrowed his FOIA request. Defendant claims it then provided plaintiff with all documents responsive to his

request. Defendant, therefore, moves to dismiss the case as moot.

Plaintiff does not dispute that he received the 23 pages of documents from defendant that were responsive to his request. However, plaintiff argues that the case is not moot because defendant failed to disclose his "criminal bond." Plaintiff's Opposition to Motion to Dismiss, p. 1.

To demonstrate that the FOIA search for records was adequate, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. However, the agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

It is apparent from the declaration submitted by defendant that the EOUSA made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996)(citing *Oglesby*, 920 F.2d at 68). Defendant conducted a search of the records in the United

States Attorney's Office for the Southern District of Florida, the office that prosecuted defendant. *See* Ciccone Decl., ¶ 7. It was reasonable for the EOUSA to believe that a search of that office's system of records would yield the information requested. And plaintiff has not identified other files that defendant should have searched. "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducts a reasonable search for them." *SafeCard Services, Inc.*, 926 F.2d at 1201. Here, the search for plaintiff's requested records was adequate to fulfill the EOUSA's obligations under the FOIA.

To prevail in a FOIA case, a plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C.Cir. 2004). A suit is only authorized under the FOIA against federal agencies to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Once the requested records have been produced there is no longer a case or controversy and the FOIA action becomes moot. *See Armstrong v. Executive Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996); *Trueblood v. U.S. Dep't of the Treasury*, 943 F.Supp. 64, 67 (D.D.C. 1996).

There is no factual dispute that plaintiff received from defendant documents that he sought in his modified FOIA request. However, plaintiff alleges that the defendant failed to release

> the CRIMINAL BOND that was created on my case the Bond that is created on presentment/indictment for each count of indictment, that is created for each arrest, because according to 27 C.F.R. 72.11 "ALL CRIMES IS COMMERCIAL" and a bond must be file[d] in the Commercial Registry for that charge presentment/indictment. If this bond is not created and file[d] within the Commercial Registry it is a fraud and "DISHONOR." Also this bond must be a fiduciary obligation by statute posted filed and the TAX return must be returned.

Plaintiff's Opposition to Motion to Dismiss, p. 1. It is not clear to the Court whether plaintiff knows that such a document exists or is merely speculating that it is in defendant's possession. In either event, the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results. *Weisberg v. DOJ*, 745 F.2d at 1485. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilber v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1987). Under these circumstances, plaintiff is not entitled to mandamus relief. Because the controversy in this case is now moot, defendant's motion to dismiss will be granted. An appropriate order accompanies this Memorandum Opinion.

                                                                                        _____
REGGIE B. WALTON
United States District Judge

DATE: August 31, 2005